{¶ 56} I concur with the majority on Assignments of Error I and III but respectfully dissent on Assignment of Error II.
 {¶ 57} During the pendency of this appeal, the United States Supreme Court issued its decision in Blakely v. Washington
(2004), 542 U.S., 124 S.Ct. 2531. In Blakely, the U.S. Supreme Court held that: "Our precedents make clear, however, that the `statutory maximum' for Apprendi purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant. SeeRing, supra at 602, 153 L.Ed.2d 556, 122 S.Ct. 2428 ("`the maximum he would receive if punished according to the facts reflected in the jury verdict alone'" [quoting Apprendi, supra at 483, 147 L.Ed.2d 435, 120 S.Ct. 2348]); Harris v. UnitedStates, 536 U.S. 545, 563, 153 L.Ed.2d 524, 122 S.Ct. 2406
(2002) (plurality opinion) (same); cf. Apprendi, supra at 488,147 L.Ed.2d 435, 120 S.Ct. 2348 (facts admitted by the defendant). In other words, the relevant `statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without any additional findings. When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts `which the law makes essential to the punishment,'Bishop, supra § 87, at 55, and the judge exceeds his proper authority." Id.
 {¶ 58} In his second assignment of error, defendant challenges the sentence imposed by the trial court as being contrary to law. See R.C. 2953.08(G). Specifically, defendant challenges judicial findings and reasons, or lack thereof, arguing that such findings are inadequate to support the imposition of more than the minimum sentence on defendant. Since we are required by this error to determine whether the judicial findings made by the court are in accordance with the law, it is only logical for us to address Blakely.
 {¶ 59} The court could only deviate from the minimum sentence by making judicial findings of fact beyond those either determined by a jury or stipulated to by the defendant. Defendant did not stipulate to the findings or otherwise waive his constitutional right to have these facts determined by a jury.[1] Therefore, I would sustain defendant's second assignment of error, vacate the sentence and remand to have the trial court consider the application of Blakely to defendant's sentence.
[1] Although the trial court during sentencing may have considered facts that were presented during the bench trial, thefactual findings necessary to increase defendant's sentence beyond the minimum sentence were neither charged in the indictment nor litigated during the trial.